IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRYL L. HINTON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DONNA BOWERS, in her personal )<br>capacity, and JANET DOWLING, in )<br>her personal capacity, )<br>)<br>    Defendants. ) | Case No. CIV-11-192-R |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, against Defendants Bowers and Dowling, in their individual capacities. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Robert E. Bacharach for preliminary review. On July 18, 2011, Judge Bacharach issued a Report and Recommendation wherein he recommended that the Defendants' motion to dismiss on the basis of Eleventh Amendment immunity be denied in light of Plaintiff's representation that he was not seeking relief against Defendants in their official capacities. Judge Bacharach further recommended that Defendants' motion for summary judgment be granted on the basis that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. Plaintiff has objected in response to the Report and Recommendation, and Defendants have filed a Response to Plaintiff's objection. Having conducted a *de novo* review as required

once specific objection is made to the Report and Recommendation, the Court concludes as follows.[1]

In his objection, which is somewhat difficult to construe, it is apparent that Plaintiff believes he has done everything possible to exhaust his prison remedies. He appears to complain that he was not able to retrieve certain requests to staff that he filed and to challenge the determination by Department of Corrections' officials that his grievance was not of a sensitive nature pursuant to Department of Corrections' Policy OP-090124. Having reviewed the record, the Court concludes that Plaintiff has failed to establish that he either completed the grievance process or that Defendants' actions rendered the process unavailable to him. Throughout Plaintiff's attempts to exhaust, when grievances were rejected Plaintiff was given the opportunity to re-submit his papers in accordance with the policy. The undisputed evidence is that he failed to do so. Accordingly, the Court adopts the Report and Recommendation with regard to this claim.

For the reasons set forth herein, the Defendants' motion to dismiss is denied as moot because Plaintiff seeks relief against Defendants in their individual, not official, capacities. Defendants' motion for summary judgment is granted, because Plaintiff has failed to establish that he exhausted his administrative remedies. The Report and Recommendation is adopted in its entirety.

---

[1] The Report and Recommendation issued by Judge Bacarach addresses three issues. Plaintiff's objection addressed only the second issue, that Defendants' were entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies. As such, the Court's review is limited to this issue.

IT IS SO ORDERED this 3rd day of August, 2011.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE